

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINCENT L. BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-622-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Vincent L. Baker, a state prisoner currently incarcerated in Amarillo, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. No service has issued upon respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily

---

[1] Petitioner designates Brad Livingston as Respondent, however the correct respondent is William Stephens, the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. The clerk of court is directed to docket and change the designation of the Respondent accordingly. FED. R. CIV. P. 25(d).

dismissed as successive.

## I. Factual and Procedural History

Petitioner is currently serving cumulative state sentences of 60 years and 25 years for aggravated robbery and aggravated assault of a correctional officer, respectively. *See* The Texas Department of Criminal Justice (TDCJ), Offender Information Detail, available at www.tdcj.state.tx.us/offender_information. In this petition, petitioner challenges his 1980 conviction for theft in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 22901A, used to enhance his punishment in his other criminal case(s). The history relevant to the 1980 conviction is set forth in the magistrate judge's findings and conclusions in *Baker v. Dretke*, Civil Action No. 4:05-CV-646-Y, 2006 WL 741042 (N.D.Tex. Mar. 3, 2006). Petitioner has filed two or more prior federal petitions pursuant to § 2254 in this court challenging the same state conviction. *Baker v. Dretke*, Civil Action No. 4:05-CV-646-Y. The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize

a habeas corpus petition to be summarily dismissed.[2] The Court of Appeals for the Fifth Circuit recognizes the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

A district court has no jurisdiction to decide a second or successive claim on the merits without authority from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED August 5, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE